UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JESSIE ENGLES,

                        Plaintiff,

    v.                                                                   9:23-CV-1056
                                                                            (GTS/DJS)

BRANDI CORIGLIANO, et al.,

                        Defendants.
_____

APPEARANCES:

JESSIE ENGLES
Plaintiff, Pro se
22-B-1293
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

HON. LETITIA JAMES                      AIMEE COWAN, ESQ.
New York State Attorney General        Ass't Attorney General
Attorney for Dinello, Zaki, and Corigliano
The Capitol
Albany, NY 12224

SUGARMAN LAW FIRM LLP             ALEXANDRA A. CALHOUN, ESQ.
Attorneys for Dr. Changlai                ZACHARY M. MATTISON, ESQ.
211 West Jefferson Street
Syracuse, NY 13202
315-362-8967


GLENN T. SUDDABY
Senior United States District Judge

## DECISION and ORDER

I.    INTRODUCTION

    Plaintiff Jessie Engles commenced this action by filing a pro se complaint pursuant to

1

42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP").  Dkt. No. 1 ("Compl."); Dkt. No. 3 ("IFP Application").  By Decision and Order entered on October 11, 2023, this Court granted plaintiff's IFP Application, reviewed the complaint for sufficiency in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), dismissed plaintiff's official capacity claims for money damages, and found that plaintiff's Eighth Amendment medical indifference claims against the named defendants survived sua sponte review and required a response.  Dkt. No. 5 ("October 2023 Order").

Following the completion of service on all but one of the defendants, answers to the complaint were filed, and a Mandatory Pretrial Discovery and Scheduling Order was issued. *See* Dkt. Nos. 13, 14, 20, 25.  Presently before the Court are the following: (1) plaintiff's motion for appointment of counsel, Dkt. No. 43 ("Motion for Counsel"); and (2) plaintiff's motion for a preliminary injunction and temporary restraining order ("Motion for Injunctive Relief").

## II.     MOTION FOR COUNSEL

It is well-settled that there is no right to appointment of counsel in civil matters. *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994).  Title 28 of United States Code Section 1915 specifically provides that a court may request an attorney to represent any person "unable to afford counsel." 28 U.S.C. § 1915(e)(1).  Appointment of counsel must be done carefully in order to preserve the "precious commodity" of volunteer lawyers for those litigants who truly need a lawyer's assistance.  *Cooper v. A. Sargenti, Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion.  In

deciding whether to appoint counsel, the court should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider a number of other factors in making its determination. *See id.* at 1341 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)); *Sawma v. Perales*, 895 F.2d 91, 95 (2d Cir. 1990). Among these are

> [t]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason ... why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61. None of these factors are controlling, however, and each case should be decided on its own facts. *Id*.

Even if the Court were to assume that this case may be of substance, the dispute is limited to plaintiff's Eighth Amendment medical indifference claims related to alleged injuries he suffered as a result of swallowing foreign objects in late 2019. *See generally*, Compl. at 4-7. Although plaintiff generically states in his motion that these claims present overly complex issues, *see* Dkt. No. 43 at 1-4, the Court has no basis to reach that conclusion based on the current record before it. Nor does the Court have a basis to conclude, in light of the current record, that plaintiff (1) does not have an ability to investigate pertinent facts and present his case, having adequately pled claims that survived sua sponte review and filed multiple motions with the Court since then, or (2) is not currently in possession of discovery that should help him to frame the relevant issues and investigate the "crucial facts" without the need for counsel. *See* Dkt. Nos. 26, 33, 43, 44.

While it is possible, should this case proceed to a trial, that there will be conflicting evidence implicating the need for cross-examination, as is the case in many actions brought under Section 1983 by pro se litigants, "this factor alone is not determinative of a motion for appointment of counsel." *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995). Further, if this case proceeds to trial, it is highly probable that the Court will appoint trial counsel at the final pretrial conference. This Court is not aware of any special reason why appointment of counsel at this time would be more likely to lead to a just determination of this litigation.

For all of these reasons, the Court finds that appointment of counsel is unwarranted at this time. Plaintiff may file another motion for appointment of counsel in the event he can demonstrate that, in light of specific changed circumstances, consideration of the above factors warrants granting the application.

### III.    MOTION FOR INJUNCTIVE RELIEF

#### A.    Factual Overview of the Claims Remaining in this Action

In his complaint, plaintiff asserted Eighth Amendment medical indifference claims against Auburn Correctional Facility Health Services Director David Dinello, Marcy Correctional Facility Nurse Practitioner Brandi Corigliano, Dr. Shehab Zaki, a physician assigned to Marcy Correctional Facility, and two physicians employed at SUNY Upstate based on allegations that these individuals failed to provide him with constitutionally adequate medical care after he ingested foreign objects in December, 2019. *See generally*, Compl.; *see also* October 2023 Order at 4-7. After reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A, the Court found that plaintiff's Eighth Amendment

claims against these individuals survived sua sponte review. *See* October 2023 Order at 7-16.

### B. Overview of Plaintiff's Motion for Injunctive Relief

Plaintiff seeks an order asking the Court to "enjoin" defendants "Brandi Corigliano, et. al.", their "successors in office, agents and employees and all other persons acting in concern [sic] and participation with them" to provide plaintiff with "a medically appropriate course of open stomach surgery needed to remove the one sewing needle and surgical metallic clamp wrongfully left inside of me during the Sept. 20, 2020 surgery [and] to fix[ ] my hernia in my upper abs bulging out with a mesh bag, and for the needed physical therapy course needed to help me walk and move around with the aid of a . . . back brace and needed muscle relaxer pains medication like Percocet or oxycodone as the doctor might prescribe, that is known to help ease pain, that NYS DOCCS prisons doctors/providers are not adhering to under chronic pain medications health services policy manual 1.24A for the full 6 months after these surgery procedures needed to heal up properly." Dkt. No. 44 at 1-2. Plaintiff further requests that the Court order that he be examined by "qualified GSS Doctor Moustafa Hassan whom has approved this needed surgery…" *Id*.

Defendants Dinello, Corigliano, Zaki, and Changlai have opposed plaintiff's motion. Dkt. Nos. 47, 48. Defendants Dinello, Corigliano, and Zaki argue that plaintiff's motion should be denied because (1) plaintiff cannot enjoin the action of non-parties, (2) plaintiff cannot seek injunctive relief to prevent an injury that was not caused by the wrongdoing alleged in the underlying action, (3) plaintiff has not demonstrated that the New York State Department of Corrections and Community Supervision ("DOCCS") has the authority to perform the requested actions, (4) plaintiff is not entitled to an "obey the law" injunction, (5) plaintiff has

failed to establish that he will suffer irreparable harm in the absence of the injunctive relief that he seeks, and (6) plaintiff has failed to demonstrate that he is likely to succeed on the merits of his deliberate indifference claims.  See Dkt. No. 47.  Defendant Changlai argues that the motion should be denied as made against him because (1) Dr. Changlai is not a state actor, (2) Dr. Changlai does not have the authority or ability to schedule consultations or surgeries for plaintiff, and (3) plaintiff cannot establish a likelihood of success on the merits of his claim that the denial of the medical treatment he seeks amounts to a violation of his constitutional rights (as opposed to a difference in opinion regarding necessary medical treatment).  See Dkt. No. 48-2.

### C.    Analysis

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'"  *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).  However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher.  *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)).  A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary

relief." *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts.*, 598 F.3d at 35 n.4) (internal quotation marks omitted)); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim). The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992).

The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).

Upon review, and for several of the reasons set forth in defendants' opposition papers, plaintiff's motion must be denied.

First, insofar as plaintiff seeks medical treatment for ingesting foreign objects after December 2019, injuries that he caused himself, or a hernia or back condition, there is currently no controversy before this Court regarding plaintiff's medical treatment associated with a hernia or back condition, or ingesting foreign objects (or self-inflected injuries) after December, 2019. *See Stewart v. U.S. I.N.S.*, 762 F.2d 193, 198-99 (2d Cir. 1985) ("Only after an action has been commenced can preliminary injunctive relief be obtained. . . . Herein, Stewart filed a complaint in the district court in October, 1983, alleging discrimination in employment based on conduct of the type asserted in his 1980 EEOC claims, and thereby

commenced an action pertaining to the then alleged discriminatory conduct. His July, 1984 motion for preliminary injunctive relief, claiming discrimination and retaliation based on his suspension without pay in May, 1984, presents issues which are entirely different from those which were alleged in his original complaint. Since Stewart neither filed a separate complaint in the district court relating to his suspension without pay and based upon his MSPB action, . . . nor sought to avail himself of the liberal rules which would have allowed for the amendment of his original October, 1983 complaint, we hold that no jurisdictional basis existed upon which the district court herein could have issued its preliminary injunctive relief."); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("It is self-evident that Devose's motion for temporary relief has nothing to do with preserving the district court's decision-making power over the merits of Devose's [Section] 1983 lawsuit. To the contrary, Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit."); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action."); *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir.2010) (the plaintiff "had no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint); *Davidson v. Scully*, 914 F. Supp. 1011, 1016 (S.D.N.Y. 1996) ("Plaintiff complains that his furnishings and supplies are inadequate and this interferes with his ability to prepare his cases. Although argued as a motion for a preliminary injunction, plaintiff in fact has moved for an order

unrelated to the merits of his underlying claims, because there is no actual controversy between the parties before the Court regarding the adequacy of plaintiff's furnishings and supplies."); *see also Scarborough v. Evans*, No. 9:09-CV-0850 (NAM/DEP), 2010 WL 1608950, at *2 (N.D.N.Y. Apr. 20, 2010) (motion for preliminary injunction alleging use of excessive force and denial of medical care by non-parties denied where complaint alleged denial of mental health care and proper conditions of confinement); *Lewis v. Johnston*, No. 9:08-CV-0482 (TJM/ATB), 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying motion for injunctive relief based upon actions taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and Upstate Correctional Facilities in 2006 and 2007).

Second, insofar as plaintiff seeks injunctive relief against non-party officials currently involved in either plaintiff's medical treatment, or scheduling and approving medical procedures, a request for injunctive relief against non-parties is available only under very limited circumstances, none of which are clearly present here. *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

Third, the law is well-settled that plaintiff is not entitled to the treatment of his choosing, and "[m]ere disagreement over proper treatment does not create a constitutional claim" as long as the treatment is adequate. *Chance v. Amstrong*, 143 F.3d 698, 702 (2d Cir. 1988); *see also Estelle v. Gamble*, 429 U.S. 97, 104 (1976) ("[A]n inadvertent failure to provide

9

adequate medical care [is insufficient to sustain a constitutional claim because] ... negligen[ce] in ... diagnosing or treating a medical condition does not state a valid claim"). Moreover, defendants have introduced record evidence in the form of plaintiff's deposition testimony and medical records showing that plaintiff (1) was discharged from DOCCS custody for a period of time after the alleged events that give rise to his pending claims, and (2) has engaged in self-harm and ingested other foreign objects since he underwent surgery in September, 2020.  *See generally*, Dkt. Nos. 47-2, 47-3.  Thus, plaintiff has failed to establish, through documentary evidence, that the failure of any named defendant to schedule (or perform) additional surgery to remove remnants of a foreign object that plaintiff ingested in 2019 has presented an ongoing risk of harm to plaintiff's well-being, i.e., that he is likely to succeed on the merits of any claim against the named defendants related to his current medical condition.

Fourth, plaintiff has failed to establish that his medical condition has worsened since 2020 as a result of the failure to remove remnants of a foreign object that plaintiff ingested in 2019 (as opposed to as a result of other intervening events).  Moreover, aside from plaintiff's speculation, the Court has no basis to plausibly infer that plaintiff is likely to suffer imminent irreparable harm in the absence of a surgical procedure to remove remnants of a foreign object that plaintiff ingested in 2019. *See Kamerling v. Massanari*, 295 F.3d 206, 214 (2d Cir. 2002) (preliminary relief cannot be founded on irreparable harm that is "remote or speculative"); *Hooks v. Howard*, No. 9:07-CV-0724, 2008 WL 2705371, at *2 (N.D.N.Y. July 3, 2008) (citation omitted) ("Irreparable harm must be shown to be imminent, not remote or speculative, and the injury must be such that it cannot be fully remedied by monetary damages."); *Phelan v. Hersh*, No. 9:10-CV-0011(GLS/RFT), 2010 WL 277064, at *6

(N.D.N.Y. Jan. 20, 2010) ("Phelan has submitted only his own affidavit containing his request for injunctive relief and the reasons why he believes his request should be granted. Phelan's allegations that he requires and is not receiving mental health care, standing alone, are not sufficient to entitle him to preliminary injunctive relief.").

Fifth, plaintiff has failed to establish that any of the named defendants are currently responsible for his medical treatment and have the authority to schedule him for surgery.

For all of these reasons, plaintiff's request for injunctive relief is denied without prejudice.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's request for appointment of counsel (Dkt. No. 43) is **DENIED without prejudice** as set forth above; and it is further

**ORDERED** that plaintiff's motion for injunctive relief (Dkt. No. 44) is **DENIED without prejudice** as set forth above; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED**.

Dated: February 4, 2025
      Syracuse, NY

Glenn T. Suddaby
U.S. District Judge