UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JESSIE ENGLES, a/k/a Jesse Engles,

                Plaintiff,

v.                                        9:23-CV-1056
                                                     (GTS/DJS)

BRANDI CORIGLIANO, N.P., Marcy Corr. Fac.;
HAMMAD U. RAHMAN, M.D., Upstate SUNY Med.
Ctr. Hosp.; DINELLO, Facility Health Svcs. Dir./
Physician, Auburn Corr. Fac.; SHEHAB ZAKI,
Physician, Marcy Corr. Fac.; and CHANGLAI,
Physician, Upstate SUNY Med. Ctr. Hosp.,

                Defendants.
_____

APPEARANCES:                                  OF COUNSEL:

JESSIE ENGLES, 22-B-1293
   Plaintiff, *Pro Se*
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929

SUGARMAN LAW FIRM                  ALEXANDRA A. CALHOUN, ESQ.
   Counsel for Defendant Changlai          ZACHARY MATTISON, ESQ.
211 West Jefferson Street
Syracuse, New York 13202

HON. LETITIA JAMES                       AIMEE COWAN, ESQ.
New York State Attorney General           Assistant Attorney General
   Counsel for Defendants Corigliano,
   Dinello, and Zaki
300 South State Street, Suite 300
Syracuse, New 13202

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

       Currently before the Court, in this *pro se* prisoner civil rights action filed by Jessie Engles

("Plaintiff") against Dr. Zaki and Nurse Practitioner Corigliano of Marcy Correctional Facility, Dr. Dinello of Auburn Correctional Facility, and Drs. Rahman and Changlai of Upstate SUNY Medical Center Hospital ("Defendants"), is United States Magistrate Judge Daniel J. Stewart's Report-Recommendation recommending that Plaintiff's Amended Complaint (Dkt. No. 68) be stricken for failure to comply with Local Rule 15.1 of the Local Rules of Practice for this Court, and that Defendant Changlai's motion to dismiss (Dkt. No. 75) be denied as moot. (Dkt. No. 77.) Plaintiff has not filed an Objection to the Report-Recommendation, and the time in which to do so has expired. (*See generally* Docket Sheet.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Stewart's thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation:[1] Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 77) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 68) be **STRICKEN**; and it is

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

further

      **ORDERED** that Defendant Changlai's motion to dismiss (Dkt. No. 75) is **DENIED** as moot.

Dated: November 5, 2025
      Syracuse, New York

_____
Glenn T. Suddaby
U.S. District Judge