UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JESSIE ENGLES, a/k/a Jesse Engles,

                      Plaintiff,

v.                                                        9:23-CV-1056
                                                              (GTS/DJS)

BRANDI CORIGLIANO, N.P., Marcy Corr. Facility;
HAMMAD U. RAHMAN, M.D., Upstate SUNY Med.
Ctr. Hosp.; DINELLO, Facility Health Servs. Dir.,
Auburn Corr. Facility; SHEHAB ZAKI, Physician,
Marcy Corr. Facility; and CHANGLAI, Physician,
Upstate SUNY Med. Ctr. Hosp.,

                      Defendants.
_____

APPEARANCES:                                      OF COUNSEL:

JESSIE ENGLES, 22-B-1293
  Plaintiff, *Pro Se*
Clinton Correctional Facility
P.O. Box 2001
Dannemora, New York 12929

SUGARMAN LAW FIRM                      ALEXANDRA A. CALHOUN, ESQ.
  Counsel for Defendant Changlai            ZACHARY M. MATTISON, ESQ.
211 West Jefferson Street
Syracuse, New York  13202

HON. LETITIA A. JAMES                     AIMEE COWAN, ESQ.
  Counsel for Defendants Corigliano,          Assistant Attorney General
Dinello, and Zaki
300 South State Street – Suite 300
Syracuse, New York 13202

GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

1

Currently before the Court, in this *pro se* prisoner civil rights action filed by Jessie Engles ("Plaintiff") against, *inter alia*,[1] Defendants David Dinello, M.D., Brandi Corigliano, N.P., Shehab Zaki, M.D. Brian Changlai, M.D. ("Defendants"), asserting claims of deliberate indifference to his serious medical needs under the Eighth Amendment, is Chief United States Magistrate Judge Daniel J. Stewart's Report-Recommendation recommending that Defendants' motions for summary judgment be granted.  (Dkt. No. 61, 62, 84.)  Plaintiff has not filed an Objection to the Report-Recommendation, and the time in which to do so has expired.  (*See generally* Docket Sheet.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Stewart's thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation:[2] Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein.  To those reasons, the Court adds the following analysis.

Plaintiff's Complaint asserts a claim against a fifth Defendant, specifically, Hammad U. Rahman, M.D., purportedly of Upstate SUNY Medical Center Hospital.  *See, supra,* note 1 of

---

[1]  Plaintiff's Complaint is also asserted against Defendant Hammad U. Rahman, M.D., purportedly of Upstate SUNY Medical Center Hospital.  (Dkt. No. 1.)

[2]  When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

this Decision and Order.  However, Plaintiff's summons of Defendant Rahman was twice returned as unexecuted by a Deputy United States Marshal, the second time with a handwritten remark stating, "Hospital staff stated [Rahman] is not an employee of the hospital."  (Dkt. Nos. 9, 16, 17, 28.)  Subsequently, Plaintiff made no further effort to effect service on Defendant Rahman.  (*See generally* Docket Sheet.)  As a result, Defendant Rahman never appeared in this action and joined in Defendants' motions for summary judgment.  (*Id*.)  The Court has little reason to believe that Plaintiff's claims against Defendant Rahman would fare any better than did his claims against Defendant Changlai, given that Rahman, like Changlai, also was an employee of Upstate Hospital during the time in question (and thus not a state actor for purposes of 42 U.S.C. § 1983).  *See, e.g., McChesney v. Hogan*, 08-CV-0163, 2010 WL 3602660, at *18 (N.D.N.Y. Aug. 17, 2010) (Peebles, M.J.) (recommending the dismissal of a *pro se* plaintiff's claims against an unserved defendant where the "dismissal would undoubtedly be warranted with regard to the claims against [the unserved] defendant . . . on the same bases as is noted in my report [with regard to the claims against the served defendants]"), *adopted*, 2010 WL 3584360 (N.D.N.Y. Sept. 7, 2010) (Scullin, J.).

      However, the Court is mindful of the caution that should be taken before the dismissal of *pro se* claims against defendants who cannot be located.  As a result, the Court will grant Plaintiff fourteen days in which to show cause in writing why his claims against Defendant Rahman should not be *sua sponte* dismissed without prejudice for failure to timely serve Rahman under Fed. R. Civ. P. 4(m).  *See Thompson v. Maldonado*, 309 F.3d 107, 110 (2d Cir. 2002) ("Because Thompson was not given prior notice and was, therefore, precluded from attempting to show good cause for his failure to serve process within the 120-day period, the District Court's

3

dismissal violated Fed. R. Civ. P. 4(m)."); *Redd v. Phillips*, 348 F. App'x 606, 607 (2d Cir. 2009) ("Although the fact of incarceration entitles a plaintiff to rely on the United States Marshal's Service to effectuate service, the plaintiff must provide the information necessary for the Marshal to serve the defendant."); *Lewis v. Maldonado*, 14-CV-0437, 2015 WL 2016174, at *1 (D. Conn. May 1, 2015) ("It is the responsibility of the plaintiff, not the U.S. Marshal Service, to provide a current address at which service may be effected on each defendant.") (citing cases).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 84) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motions for summary judgment (Dkt. Nos. 61, 62) are **GRANTED**; and it is further

**ORDERED** that Plaintiff's claims against Defendants David Dinello, M.D., Brandi Corigliano, N.P., Shehab Zaki, M.D. Brian Changlai, M.D., in his Complaint (Dkt. No. 1) are **DISMISSED** **with prejudice**; and it is further

**ORDERED** that Plaintiff's remaining claims against Defendant Hammad U. Rahman, M.D., in his Complaint (Dkt. No. 1) shall be *sua sponte* **DISMISSED** **without prejudice** and without further Order of this Court pursuant to Fed. R. Civ. P. 4(m) **UNLESS**, **within FOURTEEN (14) DAYS** of the entry of this Decision and Order, Plaintiff **SHOWS CAUSE** in writing for his failure to timely serve Defendant Rahman.

Dated: February 25, 2026
      Syracuse, New York

*/s/ Glenn T. Suddaby*
Glenn T. Suddaby
U.S. District Judge